IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**TIAR DUKE,**

    Plaintiff,

v.                                                                                         Civ. No.: 11-cv-784-BRB/RHS

**BENJAMIN SANCHEZ,** a Rio Rancho Police Officer, sued in his individual capacity,
**ADRIAN GARCIA,** a Rio Rancho Police Officer, sued in his individual capacity;
**JEREMY MANZANARES,** a Rio Rancho Police Officer, sued in his individual capacity; **CITY OF RIO RANCHO, NEW MEXICO; AUTOMOBILE ACCEPTANCE CORPORATION; ACCESS RECOVERY, LLC; JEROME BACA;** and **GUSTAVO SOTO,**
                               Defendants.

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS ACCESS AUTO RECOVERY LLC AND GUSTAVO SOTO'S MOTION TO COMPEL DISCOVERY

      THIS MATTER comes before the Court on Defendants Access Auto Recovery LLC and Gustavo Soto's Motion to Compel Discovery (Doc. 110).   The Court has reviewed the Motion, Plaintiff's Response (Doc. 124), and Defendants' Reply (Doc. 133).   On September 3, 2013, counsel informed the Court in writing that the discovery dispute had been substantially narrowed since filing the Motion and this Order addresses only the issues that the parties were not able to resolve.   After careful review, the Court concludes that the Motion will be granted in part and denied in part as described here.

      **Interrogatory No. 6 and 7 and Request for Production No. 7:**   Defendants asked Plaintiff if she had ever been arrested, if she had ever been convicted of a crime, and requested documents related to any convictions.   Plaintiff objected that the requests were not likely to lead to the discovery of admissible evidence, the requests were not limited in time or scope, and such

information is a matter of public record equally available to Defendants.   In her First Supplemental Answers, Plaintiff stated that she had not been arrested or convicted within the last 10 years and maintained her objections to responding to any questions regarding criminal activity more than 10 years old.   Plaintiff's response is consistent with Fed. R. Evid. 609(b), which limits the admission of criminal convictions after 10 years.   Plaintiff has provided the information that would be admissible under the Federal Rules of Evidence, therefore the Motion to Compel will be denied with regard to Interrgatories No. 6 and 7 and Request for Production No. 7.

**Interrogatory No. 8 and Request for Production No. 19:**   Defendants requested the bank account information (bank name, address, account number) for the account that Plaintiff referenced in her Complaint as the account from which she intended to pay Defendant Auto Acceptance.   Plaintiff provided the bank name, address and account number in her First Supplemental Response (Doc. 124-3 at 3) and therefore the Motion will be denied as to Interrogatory No. 8 because Plaintiff has already responded fully.   Defendants also asked Plaintiff to produce the bank statements and any other records.   In her Second Supplemental Response, Plaintiff indicated that the bank statement account was her husband's and that statements are sent to Plaintiff's mother-in-law.   If Plaintiff has not received the responsive documents that she requested from her mother-in-law and produced them to Defendants by the date of this order, Plaintiff must provide the name and contact information for the mother-in-law to Defendants within seven (7) days of this Order, should Defendants wish to issue a subpoena to the mother-in-law or directly to the bank.

**Interrogatory No. 13:** Defendants ask Plaintiff to state the dollar amount for all of her actual damages and ask for contact information for the individual who can substantiate her claim for damages.   Plaintiff listed fifteen (15) types of actual damages, but only provided a dollar amount for four categories (deprivation of car, lost wages, lost employment opportunities and property damage) (Doc. 110-1 at 8).   Plaintiff did not raise any objections.   Plaintiff must

supplement this response with clear, specific dollar sums for all other economic damages.  For medical damages, Plaintiff must clarify if she has any other medical damages besides the emergency room charges.  For out of pocket expenses, Plaintiff must state a dollar sum and what the sum covers.  For the presently non-quantifiable damage claims (trespass, personal injury, future medical expenses, pain and suffering, aggravation and frustration, inconvenience, embarrassment, lost time, and lost enjoyment of life), Plaintiff's response is sufficient (Doc. 124-3 at 5-9).  Plaintiff is reminded that she is under a continuing duty to supplement if she determines at any point before trial that she or another witness can quantify these damages.  The Motion to Compel is granted in part and denied in part as to Interrogatory No. 13.

**Interrogatory No. 14:**  Defendants requested that Plaintiff state the sum of punitive damages sought from Access Auto.  Plaintiff objected and stated that punitive damages will be determined by the jury.  As punitive damages are generally non-quantifiable, Plaintiff's answer is deemed sufficient.  Plaintiff is reminded that she is under a continuing duty to supplement if she determines at any point before trial that she or another witness can quantify these damages.  The Motion to Compel is denied as to Interrogatory No. 14.

Interrogatories, as described above, must be supplemented on or before Wednesday, September 18, 2013.  Counsel are reminded that all decisions regarding admissibility at trial are the sole province of the trial court.

IT IS THEREFORE ORDERED that the Motion to Compel is granted in part and denied in part.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE