IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**TIAR DUKE,**

    Plaintiff,

v.                                                Civ. No.: 11-cv-784-BRB/RHS

**BENJAMIN SANCHEZ,** a Rio Rancho Police
Officer, sued in his individual capacity,
**ADRIAN GARCIA,** a Rio Rancho Police
Officer, sued in his individual capacity;
**JEREMY MANZANARES,** a Rio Rancho
Police Officer, sued in his individual
capacity; **CITY OF RIO RANCHO, NEW
MEXICO; AUTOMOBILE ACCEPTANCE
CORPORATION; ACCESS RECOVERY,
LLC; JEROME BACA;** and **GUSTAVO SOTO,**

    Defendants.

## ORDER DENYING DEFENDANT AAC'S MOTION
## FOR PROTECTIVE ORDER REGARDING FINANCIAL INFORMATION

THIS MATTER comes before the Court on Defendant AAC's Motion for Protective Order Regarding Financial Information (Doc. 129).  The Court has reviewed the Motion, Plaintiff's Response (Doc. 136), and Defendant's Reply (Doc. 141).  After careful review, the Court concludes that the Motion will be denied.

Plaintiff issued a deposition notice to Defendant AAC and listed 27 categories of inquiry. Only three are in dispute: No. 25 regarding AAC's net worth, No. 26 regarding AAC's gross revenues in calendar year 2011, and No. 27 regarding AAC's net profit in calendar year 2011. Defendant AAC seeks a protective order so that it does not need to disclose this financial information during the discovery process.

Protective orders are governed by the Federal Rules of Civil Procedure.  "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following . . .  (D)

forbidding inquiry into certain matters . . . ." Fed. R. Civ. 26(c)(1)(D).  Defendant AAC has not argued that disclosing its financial information during the normal course of discovery would cause annoyance, embarrassment, oppression, or undue burden or expense or that there is other good cause to issue a protective order.  Instead, Defendant AAC argues that such information should be protected until Plaintiff establishes a prima facie case for Defendant AAC's punitive damages liability or until the fact-finder has determined that Defendant AAC is liable for punitive damages.  To make its argument, Defendant AAC predominantly relies upon case law from more than 30 years ago from jurisdictions outside the Tenth Circuit.  However, when a judge in this district was presented with a similar question in recent years, he decided that, "The Court follows the majority of state and federal courts, and permits discovery of a defendant's net worth without requiring the plaintiff to establish a prima facie case for punitive damages." Pedroza v. Lomas Auto Mall, Civ. No. 07-591 JB/RHS, Doc. 194 at 5.  That rule will be followed here.  Furthermore, if the Court were to grant Defendant AAC's request for a protective order until the fact finder has determined whether Defendant AAC is liable for punitive damages, such delay during the trial could create an unworkable situation for the trial court.

    The Motion for Protective Order is DENIED.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE