IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**TIAR DUKE,**

    Plaintiff,

v.	Civ. No.: 11-cv-784-BRB/RHS

**BENJAMIN SANCHEZ,** a Rio Rancho Police
Officer, sued in his individual capacity,
**ADRIAN GARCIA,** a Rio Rancho Police
Officer, sued in his individual capacity;
**JEREMY MANZANARES,** a Rio Rancho
Police Officer, sued in his individual
capacity; **CITY OF RIO RANCHO, NEW
MEXICO; AUTOMOBILE ACCEPTANCE
CORPORATION; ACCESS RECOVERY,
LLC; JEROME BACA;** and **GUSTAVO SOTO,**

    Defendants.

## ORDER GRANTING DEFENDANT AUTOMOBILE ACCEPTANCE CORPORATION'S MOTION TO COMPEL ACCESS AUTO RECOVERY, LLC TO ANSWER REQUESTS FOR PRODUCTION AND INTERROGATORIES AND ORDER DENYING DEFENDANT ACCESS AUTO RECOVERY, LLC'S <u>MOTION FOR PROTECTIVE ORDER</u>

THESE MATTERS come before the Court on Defendant Automobile Acceptance Corporation's Motion to Compel Access Auto Recovery, LLC to Answer Requests for Production and Interrogatories (Doc. 138) and Defendant Access Auto Recovery, LLC's Motion for Protective Order (Doc. 139) regarding the same discovery. The Court has reviewed Defendants Access Auto Recovery, LLC and Gustavo Soto's Response to Automobile Acceptance Corporation's Motion to Compel (Doc. 164), Defendant Automobile Acceptance Corporation's Reply in Support of Its Motion to Compel Access Auto Recovery, LLC to Answer Requests for Production and Interrogatories (Doc. 183), Defendant Automobile Acceptance Corporation's Response to Defendant Access Auto Recovery, LLC's Motion for Protective

Order (Doc. 163), and Defendants Access Auto Recovery, LLC and Gustavo Soto's Reply to Automobile Acceptance Corporation's Response to Motion for Protective Order (Doc. 185). After careful review, the Court concludes that the Motion to Compel (Doc. 138) will be GRANTED and the Motion for Protective Order (Doc. 139) will be DENIED.

## PROCEDURAL BACKGROUND

Prior to the events that gave rise to the lawsuit, Automobile Acceptance Corporation (AAC) hired a company to engage repossession agents and that company in turn hired Access Auto Recovery (AAR) (Doc. 138 at 2). AAC and AAR are now co-defendants in the above-captioned cause in which Plaintiff sued them both regarding a vehicle repossession. AAC asserts that it acted in good faith and without malice in regard to any cause of action brought by Plaintiff, and stated this in its Seventh Affirmative Defense (Doc. 57 at 23). AAC also states that any of its negligence should be compared to the negligence, fault or liability of others and any recovery against AAC should be reduced according to comparative fault principles, which is AAC's Tenth Affirmative Defense (Doc. 57 at 25). AAR and Soto also raise comparative fault of other defendants as their Second Affirmative Defense (Doc. 60 at 5).

AAC served twenty-five (25) Requests for Admission and one (1) Interrogatory on AAR. The Requests inquire about the indemnity agreements and specific actions that presumably are relevant to the agreements. AAR responded to two Requests for Admission (Nos. 10 & 11), declined to answer the other 23, and raised a general objection to all the Requests for Admission. AAR contends that the Requests are outside the scope of legitimate discovery because they go beyond what any party has pled as a claim or defense (Doc. 138-1).

AAC then moved to compel and AAR moved for a protective order regarding these discovery requests.

## RELEVANT LAW & ANALYSIS

### Motion to Compel

The parties are in agreement that Fed. R. Civ. P. 26(b)(1) governs the scope of discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

AAC asserted affirmative defenses regarding its good faith and fault compared to others, which would include AAR as a co-defendant. The Requests for Admission and Interrogatory served by AAC upon AAR inquire about the contractual responsibilities between co-defendants, which could very likely lead to the discovery of admissible evidence regarding AAC's good faith or comparative fault. The discovery requests appear to be squarely within the limitations imposed by Rule 26(b)(1). AAR argues that AAC may use such information in a future action, but that rationale does not preclude AAC from discovery in the pending action to which it is entitled.

AAR must fully respond to the Requests for Admission and Interrogatory on or before Monday, September 30, 2014. Counsel are reminded that admission of evidence at trial is within the sole discretion of the trial court.

### Motion for Protective Order

Fed. R. Civ. P. 26(c)(1) describes the reasons the Court can grant a protective order:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

AAR's Motion for Protective Order has not argued that it seeks to be protected from annoyance, embarrassment, oppression, or undue burden or expense. Instead, AAR argues that the requested discovery is outside the scope of legitimate discovery. As discussed above, the Court has concluded that the discovery requests are within the scope allowed by Fed. R. Civ. P. 26(b)(1). AAR also argues that, "[t]his discovery, which AAC now seeks under the guise of apportioning comparative fault between the defendants and other parties, is a transparent attempt to lay the groundwork for a distinct action or claim which is completely outside the subject matter of this lawsuit" (Doc. 139 at 1-2). While that very well may be true, it does not constitute good cause related to annoyance, embarrassment, oppression, or undue burden or expense when the discovery requests are also within the limits of discovery allowed for the present action. Additionally, the Motion is lacking the certification that the movant conferred in good faith prior to filing the Motion, as required by Fed. R. Civ. P. 26(c)(1).

THEREFORE, for the reasons explained above, the Motion to Compel (Doc. 138) is GRANTED and the Motion for Protective Order (Doc. 139) is DENIED.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE